BLANK et al. v. SPIES.

(City Court of New York, General Term.    March 2, 1900.)

1. REFERENCE—REFEREE FEES—ADJOURNMENTS.

    A referee in attendance, and ready to proceed with a reference, but granting adjournments at the request of counsel for both parties, is entitled to a fee of $10 for each·adjournment, although the allowance thereof works a great injustice to the parties.

2. SAME—STENOGRAPHER FEES.

    Since a stenographer engaged by consent to take reference is not entitled to charge for adjournments unless by agreement, a charge by such stenographer for appearing when adjournments were had, at which no services were rendered, will not be allowed.

Appeal from taxation of costs.

Action by William F. Blank and others against Henry Spies. From the taxation of costs of a reference, plaintiffs appeal.    Costs retaxed.

·Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Abram Kling, for appellants.

Malcolm R. Lawrence, for respondent.

FITZSIMONS, C. J.    The bill of costs, as taxed, must be reduced as follows:    There were eight hearings before the referee, for which he is entitled to $80.    Fifty adjournments were requested by counsel for both parties, and granted by the referee.    It was not his fault, nor by his request, that such adjournments were had.    He swears he was in attendance, and was ready to proceed, and is, in our opinion, entitled to the fee of $10 for each day, $500 in all. Jones v. Newton (Sup.) 11 N. Y. Supp. 510.    Complaint is made by plaintiffs' counsel against· the latter item, and justly so, but it must be directed against the persons who are at fault.    They are the attorneys for both sides, upon whose requests and consents such adjournments were had, and thus this large charge accumulated.    Under the authority just cited, we must allow it, although it does great harm and injustice to the parties.    If, in instances like this, the attorneys, asking for adjournments to suit their own convenience or necessities, should be required to pay therefor, and not be allowed to cast that burden upon their client, we think such requests would be less frequently made, and references less expensive ·and more expeditious and satisfactory to those really concerned, and who eventually foot the bill, i. e. the litigants.

The referee also states that he occupied 27 days in the consideration of the evidence submitted, and in drawing up his report thereon.    In our judgment, 7 days were quite enough for him to spend in that work, for which he will be allowed $70.

In addition, the stenographer engaged by consent charges $135 for appearing on 27 of the days when adjournments were had, and when she rendered no services.    She is not entitled to charge for adjournments, unless by agreement.    No such agreement was made, and the charge, in our opinion, is unjustifiable, and not allowed.

The bill of costs must be retaxed and reduced so as to accord with these views.    No costs of appeal to either party.    All concur.